MOTORCYCLE SWAP MEET, INC., Plaintiff-Appellant, *v.* ABATE INC. OF ILLINOIS *et al.*, Defendants-Appellees.

First District (4th Division)   No. 78-535

Opinion filed May 31, 1979.

William Van Hagey and Janet L. Reali, both of Chicago (Chadwell, Kayser, Ruggles, McGee & Hastings, of counsel), for appellant.

Eugene F. LaPorte, of Mt. Prospect, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Motorcycle Swap Meet, Inc., appeals from an order of the circuit court of Cook County which denied plaintiff's motion for a preliminary injunction against defendants, Abate Inc. of Illinois and Albert Trowbridge.

The sole question for review is whether the court erred in denying plaintiff's motion for a preliminary injunction against defendants. We are of the opinion that the court was correct in denying the preliminary injunction and we therefore affirm.

This action was instituted by plaintiff, Motorcycle Swap Meet, Inc., against defendants Abate Inc. of Illinois and Albert Trowbridge, on March 9, 1978, in the circuit court of Cook County. The complaint for an

injunction and other relief sought to enjoin defendants from using the name "'Motorcycle Swap Meet' or any confusingly similar variation thereof in connection with an exposition for the sale or trade of motorcycle parts, equipment, or accessories within the States of Illinois or Wisconsin or within 100 miles of the city of Chicago." A hearing was held thereafter on the motion on March 9, 1978.

At the hearing, testimony was taken of both plaintiff's and defendants' witnesses. Plaintiff's president, Richard Glagola, testified regarding the history of the organization. He stated that at the inception it had been a partnership held by four persons. The partnership had been formed in December 1974 for the purpose of sponsoring an event to sell motorcycle parts. Four years later, the members of the partnership decided to incorporate to engage in the same business.

Richard Glagola further testified that the first such event was held in April 1975. This was the first of several such "Motorcycle Swap Meets" held by plaintiff. They continued to hold such events in 1976, two in 1977, and one in 1978. Glagola stated he first became aware of defendants' use of the name "Motorcycle Swap Meet" when he spoke with someone who had received a handbill produced by defendants and confused it with that of plaintiff's.

Thereafter, plaintiff retained legal counsel who made a written demand upon defendants to cease using the name "Motorcycle Swap Meet" without the express written authority of plaintiff.

At the close of all the testimony, the trial court denied the petition of plaintiff.

Plaintiff contends on appeal that the trial court erred in denying its motion to preliminarily enjoin defendants' activity.

■■ The role of an appellate court in addressing the granting or refusal of a preliminary injunction is restricted by a determination of whether the trial court correctly exercised its broad discretionary powers. (*Wessel Co. v. Busa* (1975), 28 Ill. App. 3d 686, 690, 329 N.E.2d 414, 416-17.) This court will not set aside the order of the trial court unless there was a manifest abuse of discretion or error of law. (*K.F.K. Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 1020, 335 N.E.2d 156, 158.) Therefore, it is necessary for us to review the record of the trial court to determine whether there was any abuse of discretion.

We believe the court exercised sound discretion in denying plaintiff's motion. There was testimony given by three witnesses. Two witnesses were called by plaintiff and the other was called by defendants. All three were questioned extensively concerning the possible confusion of defendants' use of the name "Motorcycle Swap Meet" and whether such use would be considered unfair competition.

The court stated at the close of the trial that it had listened carefully

to all of the evidence presented. The court went on to say that persons should be allowed to engage in fair and free competition, and restrictions by the court should be used sparingly.

As stated in *Mars, Inc. v. Curtiss Candy Co.* (1972), 8 Ill. App. 3d 338, 344, 290 N.E.2d 701, 704:

> "A preliminary injunction is an extraordinary remedy which should be granted only pursuant to the utmost care. Such a remedy rests in the sound discretion of the court and should not issue unless the need is clear."

■ We do not find the trial court abused its discretion in denying plaintiff's motion for a preliminary injunction. We are remanding for further hearing the issue of a permanent injunction.

For the foregoing reasons, the judgment of the circuit court is affirmed. The cause is hereby remanded to the trial court for further proceedings.

Affirmed and cause remanded.

JIGANTI, P. J., and LINN, J., concur.